# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-99


DARLINE BROUSSARD

VERSUS

DILLARD DEPARTMENT STORES,  INC., ET AL.



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION # 4
PARISH OF LAFAYETTE, NO. 15-05101
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

## D. KENT SAVOIE
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.


**WRIT DENIED.**

**Azelie Ziegler Shelby**
**Sarah K. Lunn**
**Airzola W. Cleaves**
**Shelby Law Firm**
**3070 Teddy Drive**
**Baton Rouge, LA 70809**
**(225) 223-6961**
**COUNSEL FOR DEFENDANTS:**
**Dillard Department Stores, Inc.**
**Gallagher Bassett**

**C. Ray Murry**
**Robert M. Waterwall**
**Attorneys at Law**
**2000 W. Congress Street**
**Lafayette, LA 70506**
**(337) 234-5500**
**COUNSEL FOR PLAINTIFF/RELATOR:**
**Darline Broussard**

**SAVOIE, Judge.**

In this writ application, Relator Darline Broussard seeks review of the workers' compensation court's ruling denying her motion to strike Defendant Dillard Department Stores, Inc.'s request for a preliminary determination hearing and for protection from a claim for penalties and attorney's fees. After briefing and argument, we deny the writ regarding the motion to strike.

## FACTS AND PROCEDURAL HISTORY

This case involves a workers' compensation action which Relator filed against her employer, Dillard's Department Store, Inc. (Dillard's), and Gallagher Bassett Services, Inc. (Gallagher Bassett). Dillard's is a self-insured employer, and its workers' compensation claims are handled by a third party administrator, Gallagher Bassett. Relator alleges that while restocking clothing at the Dillard's store in Lafayette, Louisiana, on April 8, 2014, she slipped and fell in vomit on the floor of the store. Relator further alleges that, as a result of the accident, Relator sustained injuries to her back. On August 20, 2014, Relator's treating physician, Dr. John Sledge, took her completely off work. Thereafter, Relator began receiving temporary total disability (TTD) benefits.

On June 22, 2015, counsel for Dillard's sent Relator's attorney a letter, advising that, because Dr. Foster (the employer's choice of physician) had opined that Relator was capable of sedentary work, Dillard's was offering Relator a part-time sedentary position. However, Relator's attorney notified the employer's attorney that Relator's treating physician, Dr. Sledge, had not released Relator to return to work in any capacity. Subsequently, on July 2, 2015, Dillard's sent Relator and her attorney a Form 1002, Notice of Payment Modification, Suspension, Termination or Controversion of Compensation or Medical Benefits,

whereby Dillard's indicated its intention to deny Relator's claim for TTD benefits and converted her TTD benefits to lesser supplemental earnings benefits. On that same day, Relator's attorney, in accordance with La.R.S. 23:1201.1(F)(1), sent a letter of amicable demand to Dillard's requesting a reinstatement of Relator's workers' compensation benefits. On July 9, 2015, Dillard's terminated Relator's TTD wage benefits and reduced them to significantly lower supplemental earnings benefits. Thereafter, on August 14, 2015, Relator filed the instant lawsuit, seeking, in addition to her workers' compensation benefits, penalties and attorney's fees for improper termination of her benefits.

On September 3, 2015, Dillard's filed an answer, general denial, and request for a preliminary determination hearing pursuant to La.R.S. 23:1201.1(H). Relator filed a motion to strike Dillard's' request for a preliminary determination hearing. In her motion, Relator argues that Dillard's is not entitled to a preliminary determination hearing and is not entitled to the exemption from penalties and attorney's fees which is afforded to those employers who are entitled to a preliminary determination hearing. *See* La.R.S. 23:1201.1(I)(1). As is permitted by La.R.S. 23:1201.1(I)(2), Relator sought to have the workers' compensation court conduct a rule to show cause hearing to resolve the dispute regarding Dillard's' entitlement to a preliminary determination hearing. Following a rule to show cause hearing on December 21, 2015, the workers' compensation court denied Relator's motion to strike and found that Dillard's is entitled to a preliminary determination hearing. Relator seeks review of that ruling.

Meanwhile, on December 18, 2015, Relator also filed a motion to compel Defendants (Dillard's and Gallagher Bassett) to retain a claims adjuster in the State of Louisiana pursuant to La.R.S. 23:1161.1. Gallagher Bassett, the third party

2

administrator that is handing Relator's claim for workers' compensation benefits, has an office in Nashville, Tennessee. Relator's claim has been assigned to Anne Mayo, who is a senior claims adjuster. Ms. Mayo works in Gallagher Bassett's Tennessee office, and she is a licensed claims adjuster in Mississippi and Georgia, but not in Louisiana. A hearing on the matter was held on January 15, 2016. On February 5, 2016, the workers' compensation court signed a judgment denying Relator's motion to compel Defendants' retention of a Louisiana adjuster. The workers' compensation court concluded that it does not have subject matter jurisdiction to determine the issue of whether an employer or insurer has complied with La.R.S. 23:1161.1 because such issues are regulated by the Louisiana Commissioner of Insurance. Relator also seeks review of the ruling which denies her motion to compel.

Relator has filed two separate writ applications with this court. Our review of the workers' compensation court's ruling which denied Relator's motion to compel Defendants to retain a claims adjuster in Louisiana is discussed in the companion case, *Darline Broussard v. Dillard Department Stores, Inc., et al.*, 16-134. Our review of the workers' compensation court's ruling which denied Relator's motion to strike Dillard's' request for a preliminary determination hearing and for protection from a claim for penalties and attorney's fees is discussed below.

## DISCUSSION OF THE MERITS

"The proper procedural vehicle to contest an interlocutory judgment that does not cause irreparable harm is an application for supervisory writs. *See* La. C.C.P. arts. 2087 and 2201." *Brown v. Sanders*, 06-1171, p. 2 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933. *But see* La.Code Civ.P. art. 2083, comment (b),

3

"Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs." (Citation omitted.)

Relator asserts that the workers' compensation court erred when it denied her motion to strike and found that Dillard's is entitled to a preliminary determination hearing as provided for in La.R.S. 23:1201.1. The procedure for denying or modifying a claim for workers' compensation benefits is set forth in La.R.S. 23:1201.1, which provides, in pertinent part, as follows:

A. Upon the first payment of compensation or upon any modification, suspension, termination, or controversion of compensation or medical benefits for any reason, including but not limited to issues of medical causation, compensability of the claim, or issues arising out of R.S. 23:1121, 1124, 1208, and 1226, the employer or payor who has been notified of the claim, shall do all of the following:

(1) Prepare a "Notice of Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits".

(2) Send the notice of the initial indemnity payment to the injured employee on the same day as the first payment of compensation is made by the payor after the payor has received notice of the claim from the employer.

(3) Send a copy of the notice of the initial payment of indemnity to the office within ten days from the date the original notice was sent to the injured employee or by facsimile to the injured employee's representative.

(4) Send the "Notice of Payment, Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits" to the injured employee by certified mail, to the address at which the employee is receiving payments of compensation, on or before the effective date of a modification, suspension, termination, or controversion.

(5) Send a copy of the "Notice of Payment, Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits" to the office on the same business day as sent to the employee or to his representative.

4

B. The form of the "Notice of Payment, Modification, Suspension, Termination, or Controversion of Compensation and/or Medical Benefits" shall be promulgated by the office.

C. The director shall make the notice available upon request by the employee and the employee's representative.

D. If the injured employee is represented by an attorney, the notice shall also be provided to the employee's representative by facsimile. Proof that the notice was sent to the employee's representative by facsimile shall be prima facie evidence of compliance with Subsection A of this Section.

E. The provisions of this Section shall not apply to questions of medical necessity as provided by R.S. 23:1203.1.

F. (1) Any injured employee or his representative who disagrees with any information provided on the notice form sent by the employer or payor, shall notify the employer or payor of the basis for disagreement by returning the form to the employer or payor as provided on the form, or by letter of amicable demand, and provide any amounts of compensation he believes appropriate.

(2) No disputed claim shall be filed regarding any such disagreement unless the notice required by this Section has been sent to the employer or payor who initially sent the notice.

G. (1) If the employer or the payor provides the benefit that the employee claims is due, including any arrearage, on the returned form or letter of amicable demand within seven business days of receipt of the employee's demand, the employer or payor shall not be subject to any claim for any penalties or attorney fees arising from the disputed payment, modification, suspension, termination, or controversion.

(2) If the employer or payor does not provide the benefit that the employee claims is due, the employee may file a disputed claim for benefit provided it is filed within the prescriptive period established under R.S. 23:1209. If the prescription date of the claim occurs within the seven-day waiting period, the employee will be allowed to file a disputed claim without waiting the seven business days as provided in Paragraph (1) of this Subsection. However, the employer or payor shall still be allowed seven business days to provide the benefit that the employee claims is due, and if the employer does provide the benefit, the disputed claim will be moot regarding the issues arising out of the payment, suspension, modification, termination, or controversion of benefits. All other issues alleged in the disputed claim will be unaffected by the payment.

H. The employer or the payor who wishes to have a preliminary determination hearing shall request the hearing in his answer to the disputed claim arising from the notice of initial payment or any subsequent modification, suspension, termination, or notice of controversion. In cases where a disputed claim is already pending when an issue arises from a subsequent notice of payment, modification, suspension, termination, or controversion of benefits, such request shall be made in an amended pleading filed within fifteen days of the expiration of the seven-day period set forth in Paragraph (G)(1) of this Section.

I. (1) An employer or payor who has not complied with the requirements set forth in Subsection A through E of this Section or has not initially accepted the claim as compensable, subject to further investigation and subsequent controversion shall not be entitled to a preliminary determination. An employer or payor who is not entitled to a preliminary determination or who is so entitled but fails to request a preliminary determination may be subject to penalties and attorney fees pursuant to R.S. 23:1201 at a trial on the merits or hearing held pursuant to Paragraph (K)(8) of this Section.

(2) If disputed by the parties, upon a rule to show cause held prior to the preliminary determination or any hearing held pursuant to this Section, the workers' compensation judge shall determine whether the employer is in compliance.

J. (1) Upon the filing of the request for a preliminary determination hearing, the workers' compensation judge shall initiate a telephone status conference with the parties to schedule the discovery deadlines and to facilitate the exchange of documents. The scope of the discovery will be limited to the issues raised in the disputed payment, suspension, modification, termination, or controversion of benefits. The preliminary determination hearing shall be a contradictory hearing at which all parties shall have the opportunity to introduce evidence.

(2) The testimony of physicians may be introduced by certified records or deposition. The parties may agree to allow uncertified medical records and physician reports to be introduced into evidence. Witnesses may testify at the hearing or, if agreed on by the parties, may offer testimony by introduction of a deposition.

(3) The preliminary determination hearing shall be held no later than ninety days from the scheduling conference. However, upon a showing of good cause, one extension of an additional thirty days is permitted upon approval by the workers' compensation judge. The workers' compensation judge shall issue a preliminary determination no later than thirty days after the hearing.

(4) Any employer or payor requesting a preliminary determination hearing shall produce all documentation relied on by the employer or payor in calculating, modifying, suspending, terminating, or controverting the employee's benefits. These documents shall be disclosed to the employee or the employee's representative within ten days of the request for the preliminary determination hearing.

The jurisprudence has summarized the pertinent parts of La.R.S. 23:1201.1 as follows:

> Louisiana Revised Statute 23:1201.1, as enacted by Acts 2013, No. 337, provides that employers may request a preliminary determination hearing in their answer to a disputed claim for compensation. LSA-R.S. 23:1201.1(H). Pursuant to the statute, when a request for a preliminary determination hearing is made, the workers' compensation judge shall initiate a telephone status conference with the parties to schedule discovery deadlines and facilitate the exchange of documents. LSA-R.S. 23:1201.1(J)(3). The preliminary determination hearing shall then be held within ninety days of this status conference, with one thirty-day extension permitted. LSA-R.S. 23:1201.1(J)(2). An employer or payor who has not complied with the requirements set forth in Subsection A through E of this Section or who has not initially accepted the claim as compensable, subject to further investigation and subsequent controversion, shall not be entitled to a preliminary determination. An employer or payor who is not entitled to a preliminary determination or who is so entitled but fails to request a preliminary determination may be subject to penalties and attorney fees pursuant to LSA-R.S. 23:1201 at a trial on the merits or hearing held pursuant to Paragraph (K)(8) of this Section. LSA-R.S. 23:1201.1(I)(1).

*Albert v. Strategic Restaurants Acquisition Co., LLC*, 14-1001, pp. 4-5 (La.App. 1 Cir. 12/23/14), 168 So.3d 507, 511 (Emphasis omitted).

In the instant case, Relator asserts that the workers' compensation court erred in finding that, under La.R.S. 23:1201.1, Dillard's is entitled to a preliminary determination hearing and protection from having a claim for penalties and attorney's fees filed against it. Relator notes that, pursuant to La.R.S. 23:1201.1, an employer entitled to a preliminary determination hearing is immune from having an employee file a claim against it for penalties and attorney's fees as a

result of that employer's termination or modification of the employee's workers' compensation benefits.  However, Relator points out that La.R.S. 23:1201.1(I)(1) provides that "[a]n employer or payor *who has not complied with the requirements set forth in Subsection A through E of this Section or has not initially accepted the claim as compensable*, subject to further investigation and subsequent controversion *shall not be entitled to a preliminary determination*."  (Emphasis added).  Relator maintains that the wording of La.R.S. 23:1201.1(I)(1) includes the use of double negatives which should be interpreted as creating an affirmative duty for the employer to both comply with the requirement of Subsection A through E and to initially accept the employee's claim as compensable.

Relator acknowledges that Dillard's complied with the procedural requirements set forth in La.R.S. 23:1201.1(A) through (E).  Relator takes the position, however, that Dillard's did not initially "accept her claim as compensable," as required by La.R.S. 23:1201.1(I)(1).  Relator argues that the legislative intent behind La.R.S. 23:1201.1 is to protect an employer from the risk of claims for penalties and attorney's fees only if that employer fully accepts the workers' compensation claim as compensable.  According to Relator, Dillard's cannot be deemed to have "accepted the claim as compensable" because Dillard's filed an answer rejecting the Relator's claim, contesting both liability and compensation, and raising affirmative defenses to the claim.  In that regard, Relator notes that Dillard's not only terminated her TTD benefits in spite of her treating physicians' opinions regarding her ability to work, but that Dillard's also disputes every aspect of Relator's claim, including the question of whether a compensable accident even occurred and whether such an accident occurred during the course and scope of Relator's employment.

8

In support of her position, Relator relies on the interplay between La.R.S. 23:1201.1 and La.R.S. 23:1204. Relator notes that pursuant to La.R.S. 23:1204, "[n]either the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter." Relator maintains that La.R.S. 23:1204 offers the employer/insurer an incentive or "carrot," by allowing employers to tender payment of workers' compensation benefits without the necessity of having to accept liability for the claim. Thus, Relator contends that La.R.S. 23:1204 encourages employers to initiate the payment of workers' compensation benefits while conducting an investigation to determine if they are in fact liable for the claim. Relator further contends that by initiating benefits, employers escape liability for penalties and attorney's fees, which are generally recoverable under La.R.S. 23:1201 if the employer fails to timely pay workers' compensation benefits or for the arbitrary and capricious discontinuance of benefits.

Relator argues that while La.R.S. 23:1204 offers the employer the "carrot" of being able to pay benefits without admitting liability, La.R.S. 23:1201.1 offers Relator both a "carrot" and a "stick." In that regard, Relator contends that the legislative intent behind La.R.S. 23:1201.1 is to provide employers/insurers with 1) the "carrot" of being exempted from claims for penalties and attorney's fees if they accept liability for the employees' claims, and 2) the "stick" of being subjected to penalties and attorney's fees if they do not accept the claim as compensable.

In their opposition to the writ application, Defendants (Dillard's and Gallagher Bassett) assert that the workers' compensation court properly denied Relator's motion to strike their request for a preliminary determination hearing. Defendants contend that under the clear language of La.R.S. 23:1201.1, employers

9

are entitled to a preliminary hearing if they either have complied with the procedural requirements of La.R.S. 23:1201.1(A) through (E) or have accepted the employee's claim as compensable. In the instant case, Defendants note that Relator does concede that Defendants have complied with Subsections A through E. According to Defendants, that is all that is required for them to be entitled to a preliminary determination hearing and protected from a claim for penalties and attorney's fees.

Nevertheless, Defendants contend that, even if Relator were correct in her assertion that the employer is also required to accept the employee's claim as compensable in order to be exempted from a claim for penalties and attorney's fees, they have met that requirement as well. Defendants maintain that the phrase, "accepted the claim as compensable," means that the employer must have voluntarily paid workers' compensation benefits to the employer. Defendants note that they have voluntarily paid for Relator's medical benefits and have paid indemnity benefits to her for nearly two years. Thus, Defendants argue that they have accepted Relator's claim as compensable.

Relator raises for the first time the argument that the workers' compensation court erred by allowing the preliminary determination hearing to proceed and by not excluding twenty-two exhibits that were introduced by Dillard's at the preliminary determination hearing. Initially, in her writ application, the sole assignment of error listed was the assertion that the workers' compensation court's ruling denying Relator's motion to strike Defendants' request for a preliminary determination hearing was erroneous because Defendants had not satisfied the requirement of initially accepting Relator's claim as compensable. At any rate, in her reply to the opposition, Relator points out, for the first time, that the

preliminary determination hearing was actually held on the same day as the rule to show cause hearing for Relator's motion to strike Defendants' request for a preliminary determination hearing. Relator argues that Dillard's violated La.R.S. 23:1201.1 by failing to disclose the twenty-two exhibits, which Dillard's introduced at the preliminary determination hearing, to Relator within the ten-day period set forth in La.R.S. 23:1201.1(J)(4). Relator notes that La.R.S. 23:1201.1(L) provides that the failure to comply with any provision in La.R.S. 23:1201.1 results in the loss of the employer's safe harbor protection from claims for penalties and attorney's fees. Thus, Relator asserts that the workers' compensation court erred by not striking the twenty-two exhibits at issue and by allowing the preliminary determination hearing to proceed after Dillard's violated La.R.S. 23:1201.1(J)(4).

However, as pointed out by the workers' compensation court, there is a difference between those documents that the employer relied upon to make its decision to modify Relator's award and those documents that the employer seeks to introduce into evidence at a preliminary determination hearing. Further, the workers' compensation court also noted that La.R.S. 23:1201.1(J)(4) requires, within ten days of requesting a preliminary determination hearing, the employer to disclose to the employee the documentation that the employer relied on in making its decision to modify the employee's workers' compensation benefits. The workers' compensation court found that Dillard's sufficiently complied with La.R.S. 23:1201.1(J)(4) because the two documents on which Dillard's relied in making the decision to modify Relator's benefits, i.e., Dr. Foster's opinion about Relator's abilities and a job offer for sedentary work, were forwarded by Dillard's' attorney to Relator's counsel on September 3, 2015, before Defendants even filed their request for a preliminary hearing. Under the factual circumstances of this

11

case, the workers' compensation court properly found that Defendants sufficiently complied with La.R.S. 23:1201.1(J)(4).

With regard to the issue of Relator's motion to strike Defendants' request for a preliminary hearing, we agree with Defendants that, pursuant to La.R.S. 23:1201.1(I)(1), Defendants are entitled to a preliminary determination hearing and protection from a claim for penalties and attorney's fees. The parties agree that Defendants have complied with La.R.S. 23:1201.1(A) through (E). Even if Relator were correct in her assertion that La.R.S. 23:1201.1(I)(1) imposes on Defendants the additional requirement (as opposed to an alternative requirement) of having to prove that they have accepted Relator's claim as compensable, that requirement has been satisfied by Defendants. Defendants have consistently paid medical and some form of indemnity benefits to Relator since she had her alleged accident in 2014. While the statute does not provide any definitions as guidance, Relator is seeking to have this court interpret the phrase "accepting the claim as compensable," as used in La.R.S. 23:1201.1(I)(1), to mean that there must be an admission of liability for a claim, rather than just a voluntary payment of the claim. However, as noted by Defendants, such an interpretation runs afoul of the principle set forth in La.R.S. 23:1204, which provides that an employer's payment of workers' compensation benefits does not amount to an admission of liability.

For the foregoing reasons, we find that the workers' compensation court correctly denied Darline Broussard's motion to strike Dillard's' request for a preliminary determination hearing and for protection from a claim for penalties and attorney's fees. As such, Darline Broussard's writ application is denied. Costs of these proceedings are assessed to Relator, Darline Broussard.

**WRIT DENIED.**

12